TROUTMAN PEPPER HAMILTON
SANDERS LLP
Austin Padgett, Bar No. 296309
600 Peachtree Street NE, Suite 3000
Atlanta, GA  30308-2231
Telephone: 404.885.3155
Facsimile:  404.885.3900
Email: austin.padgett@troutman.com

Attorneys for Plaintiff
NEW REFORMATION
PUBLICATIONS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| NEW REFORMATION PUBLICATIONS , | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| PUBLISHING HOUSE OF THE EVANGELICAL LUTHERAN CHURCH IN AMERICA , | JURY TRIAL DEMANDED |
| Defendants. | |

Plaintiff New Reformation Publications ("Plaintiff"), by and through its attorneys, Troutman Pepper Hamilton Sanders, LLP, for its Complaint against defendant Publishing House of the Evangelical Lutheran Church in America ("Defendant"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

TROUTMAN PEPPER HAMILTON SANDERS LLP
600 PEACHTREE STREET NE
SUITE3000
ATLANTA, GA 30308-2231

**PRELIMINARY STATEMENT**

1.      This is an action for infringement of Plaintiff's federally-registered trademark "1517" under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of California under the statutory and common laws of the State of California, all arising from the Defendant's unauthorized use of the marks 1517 MEDIA and 1517 in connection with the manufacture, distribution, marketing, advertising, promotion, offering for sale, and/or sale of Defendant's books, publications, media, and retail services for the same.

2.      Plaintiff seeks injunctive and monetary relief.

**JURISDICTION**

3.      This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a), and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

**VENUE**

4.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district and a substantial part of property that is the subject of the action is situated in this district.

**PARTIES**

5.      Plaintiff New Reformation Publications is a nonprofit corporation that is incorporated in California and has its principal place of business in San Clemente, California.

6.      Upon information and belief, Defendant Publishing House of the Evangelical Lutheran Church in America is a nonprofit corporation that is incorporated in Minnesota and has its principal place of business in Minneapolis,

TROUTMAN PEPPER HAMILTON SANDERS LLP
600 PEACHTREE STREET NE
SUITE 3000
ATLANTA, GA 30308-2231

COMPLAINT

Minnesota. Upon information and belief, Defendant operates under the assumed name "1517 Media."

**FACTS**

A.   Plaintiff and Its 1517 Mark

7.     Plaintiff is a non-profit organization that was founded by a group of scholars and theologians who saw a need for resources that clearly communicated the core truths of the Christian faith, particularly the doctrines of grace and justification by faith alone.

8.     Plaintiff is dedicated to providing theological resources that proclaim the Christian message of grace, freedom, and love and offers publications and media ranging from academic theological works to more accessible materials for the general public. Since its inception, Plaintiff has grown and expanded its reach, providing resources for individuals, churches, and academic institutions around the world.

9.     At least as early as August 2013, Plaintiff began offering its goods and services in connection with its flagship mark: 1517®. This mark is bound up in the connotations of the 1517 Mark as they are applied to Plaintiff's goods and services because the mark is a historical nod to one of the most important years of the Christian church. In that year, Martin Luther, a German monk, theologian, and professor, is reported to have nailed to the door of the Castle Church in Wittenberg his Ninety-Five Theses, a document challenging the teachings and practices of the Roman Catholic Church. Luther's challenge sparked a theological revolution—the Protestant Reformation—that led to the development and proliferation of Protestant churches, including the Lutheran Church.

10.     Plaintiff's 1517®-branded publications, media, and other resources are aligned with the theological tenets of Luther and the Protestant Reformation. The organization's publications often explore and expand upon Lutheran theology, making it a valuable resource for those individuals, churches, and other institutions

COMPLAINT

interested in the Lutheran tradition. Indeed, many of Plaintiff's supporters are Lutheran churches and congregants.

11.    Plaintiff is the owner of valid and subsisting United States "1517" Registration Nos. 5016393, 5198790, and 5299903 on the Principal Register in the United States Patent and Trademark Office (hereinafter "1517 Mark") for the goods and services shown in the chart below ("Plaintiff's Goods and Services"):

| TM/Key Information | Goods/Services |
|---|---|
| 1517. (Stylized)<br><br>**1517.**<br><br>RN: 5016393<br>SN: 86806008<br>Filed: Nov. 1, 2015<br>Registered: Aug. 9, 2016 | Int'l Class: 35<br>Retail store services in the field of gifts and merchandise, namely, novelty items, souvenirs, mugs, key chains, jewelry, pins, pens, t-shirts, caps, hats, sweatshirts, tank tops, neck ties, luggage tags, cell phone case covers, postcards, tote bags, stationery, books, publications, CD's and DVD's |
| 1517<br>RN: 5299903<br>SN: 87332948<br>Filed: Feb. 12, 2017<br>Registered: Oct. 3, 2017 | Int'l Class: 09<br>downloadable electronic publications in the nature of books in the fields of worship materials, religious topics, and music; and downloadable videos featuring religious topics via a video-on-demand service<br>Int'l Class: 16<br>Printed religious publications, namely, books featuring religious topics<br>Int'l Class: 38<br>Streaming of audio and visual material via a global computer network; video-on-demand transmissions<br>Int'l Class: 41<br>Providing online publications in the nature of newsletters in the field of faith, spirituality and religious topics; providing non-downloadable videos featuring religious topics via a video-on-demand service<br>Int'l Class: 45<br>Providing information in the fields of religious topics, faith and spirituality |
| 1517<br>RN: 5198790<br>SN: 87159028<br>Filed: Sept. 1, 2016<br>Registered: Sept. 21, 2023 | Int'l Class: 35<br>Retail store services in the field of gifts and merchandise, namely, novelty items, souvenirs, mugs, pins, t-shirts, caps, hats, sweatshirts, tote bags, stationery, books, publications |

TROUTMAN PEPPER HAMILTON SANDERS LLP<br>600 PEACHTREE STREET NE<br>SUITE3000<br>ATLANTA, GA  30308-2231

COMPLAINT

Attached as *Exhibit 1* are true and correct copies of the registration certificates for Plaintiff's United States "1517" Registration No. 5016393, 5198790, and 5299903.

12.     Plaintiff has used the 1517 Mark in commerce throughout the United States continuously since at least as early as 2013 in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising, and promotion of Plaintiff's Goods and Services. Attached hereto as Exhibit 2 are copies of representative samples of materials showing Plaintiff's use of the 1517 Mark in connection with some of these goods and services.

13.     As a result of its widespread and continuous use of the 1517 Mark to identify Plaintiff's Goods and Services and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the 1517 Mark.

14.     Plaintiff's 1517 Mark is distinctive to both the consuming public and Plaintiff's trade.

15.     Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting Plaintiff's Goods and Services sold under the 1517 Mark.

16.     Plaintiff, through its own retail services and its authorized distributors, distributes, provides, and sells Plaintiff's Goods and Services under the 1517 Mark in online and brick-and-mortar retail stores, as well as through trade shows, conferences, and meetings.

17.     Plaintiff's goods and services under the 1517 Mark receive regular reviews and testimonials from non-related publications, readers, attendees and others in various media. For example, Plaintiff's books published under the 1517 Publishing name have received hundreds of readers' reviews on Amazon.com. 1517 Publishing's book *Reclaiming the Reformation: Christ for You in Community* was heralded as a "warm and robust vision of how the principles of the Reformation can help build thriving churches and thick community around Christ's word and gifts" in

COMPLAINT

a review posted on ModernReformation.org.[1] And the following testimonial was provided by an attendee at one of Plaintiff's conferences:

"Thanks for putting on a great conference. Two fellow Presbyterian pastors told me it was the best conference they'd ever attended. May God continue to richly bless the ministry labors of 1517."



Scott D.

18.     As a result of Plaintiff's expenditures and efforts, the 1517 Mark has come to signify the high quality of the goods and services designated by the 1517 Mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

B.  Defendant's Unlawful Activities

19.     Upon information and belief, Defendant is one of the largest Christian denominations in the United States with over three million baptized members and over eight thousand congregations. It was formed in 1988 by the merger of three Lutheran church bodies: The American Lutheran Church, the Association of Evangelical Lutheran Churches, and the Lutheran Church in America.

20.     Theologically, Defendant adheres to the Lutheran Confessions, a series of faith statements that interpret the Bible from a Lutheran perspective. Defendant is also a member of the Lutheran World Federation, the National Council of Churches, and the World Council of Churches, and it is also in full communion with several other Christian denominations, including the Episcopal Church, the Moravian Church, the Presbyterian Church (USA), the Reformed Church in America, the United Church of Christ, and the United Methodist Church.

_____

[1]     https://www.modernreformation.org/resources/book-reviews/-reclaiming-the-reformation-christ-for-you-in-community-by-magnus-persson-translated-by-bror-erickson (accessed Jan. 18, 2024).

COMPLAINT

TROUTMAN PEPPER HAMILTON SANDERS LLP
600 PEACHTREE STREET NE
SUITE 3000
ATLANTA, GA  30308-2231

21.     Defendant maintains its own publishing and media ministry—known as 1517 Media. Defendant states that "1517 Media has been committed to helping Christian communities and individuals encounter a loving, gracious God and grow in faith, understanding, and response. We create resources for Christian worship and faith formation, for academic study and professional development, and for individual edification and spiritual growth. We have always embraced the media of the day to meet people where they are, in their lives and in their communities."[2]

22.     Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in its 1517 Mark, Defendant adopted and began using the mark 1517 MEDIA (hereinafter, the "Infringing Mark") in US commerce in connection with its publishing and media ministry.

23.     The Infringing Mark adopted and used by Defendant is confusingly similar and nearly identical to Plaintiff's 1517 Mark. Indeed, in Defendant's display of the Infringing Mark, the "1517" element is often emphasized in a different, bold color—for example:

24.     In Defendant's social media channels, it drops the word "Media" entirely and displays "1517" alone, as shown below in a clip from Defendant's Facebook profile:



[2] https://1517.media/ (accessed Jan. 18, 2024)

COMPLAINT

TROUTMAN PEPPER HAMILTON SANDERS LLP
600 PEACHTREE STREET NE
SUITE 3000
ATLANTA, GA 30308-2231

25.     A side-by-side comparison of the parties' Facebook page logos demonstrates the similarities not only in the respective marks but in presentation to the consuming public:



26.     Upon information and belief, Defendant has been engaged in the manufacture, distribution, provision, advertising, promotion, offering for sale, and sale of books, publications, and other resources using the Infringing Mark throughout the United States, including, without limitation, in this District.

27.     Upon information and belief, Defendant has provided and made sales of products and services under and in connection with the Infringing Mark throughout California and in this District. Defendant continues to offer products and services under the Infringing Mark for sale to residents, churches, and institutions located in California, including those residing and located within this District.

28.     Upon information and belief, the products Defendant has provided, marketed, advertised, promoted, offered for sale, and sold under the Infringing Mark include theological publications and resources immediately competitive with Plaintiff's own publications and resources. Because Defendant is publishing a wide range of materials under the 1517 and 1517 MEDIA marks in connection with products that reflect the beliefs and practices of the Evangelical Lutheran Church of America, then both Plaintiff and Defendant are using essentially identical marks for products rooted in a common theological heritage of Lutheranism and the principles of the Protestant Reformation. These similarities in theme and purpose create clear overlaps in the parties' customers and potential customers.

TROUTMAN PEPPER HAMILTON SANDERS LLP
600 PEACHTREE STREET NE
SUITE 3000
ATLANTA, GA 30308-2231

29.   Upon information and belief, Defendant has marketed, advertised, promoted, offered for sale, and sold its products under the Infringing Mark through online and brick-and-mortar retailers. For example, Defendant's products—like those of Plaintiff—are offered through Amazon.com, which lists the titles' publisher as "1517 Media" on the product listing, as shown in the example below from online retailer Amazon.com:



30.   Defendant is and has been aware of Plaintiff's rights in its 1517 Mark. Defendant previously attempted to register the mark 1517 MEDIA at the United States Patent and Trademark Office, but the trademark examiner rejected Defendant's filing by citing Plaintiff's prior rights in the 1517 Mark.

31.   Further, Plaintiff's counsel previously sent a letter notifying Defendant of Plaintiff's rights in its 1517 Mark and objecting to Defendant's use of the Infringing Mark. But Defendant refused to comply with Plaintiff's demands.

32.   Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's products and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's products originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

33.   Defendant's infringing acts as alleged herein have resulted in actual confusion not only with customers but within the industry. A retail distributor has

COMPLAINT

TROUTMAN PEPPER HAMILTON SANDERS LLP
600 PEACHTREE STREET NE
SUITE 3000
ATLANTA, GA  30308-2231

mistakenly referred to Plaintiff under Defendant's Infringing Mark. A potential author has mistakenly submitted a book proposal to Plaintiff believing that they were submitting to Defendant. One of Defendant's own authors mistook Plaintiff to be Defendant and asked about the author's book sales numbers. Another publisher has contacted Plaintiff to seek the translation rights of Defendant's publication. The confusion continues in the marketplace, and the parties' respective marks and uses overlap so that even the most sophisticated and knowledgeable parties are confused.

34.     Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's 1517 Mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's Goods and Services to the Defendant.

35.     Defendant's acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## COUNT ONE
### (Federal Trademark Infringement)

36.     Plaintiff repeats and realleges paragraphs 1 through 35 hereof, as if fully set forth herein.

37.     Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct therefore constitutes "1517" infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

COMPLAINT

TROUTMAN PEPPER HAMILTON SANDERS LLP
600 PEACHTREE STREET NE
SUITE 3000
ATLANTA, GA 30308-2231

38.   Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the 1517 Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

39.   Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

40.   Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO
### (Federal Unfair Competition)

41.   Plaintiff repeats and realleges paragraphs 1 through 40 hereof, as if fully set forth herein.

42.   Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

43.   Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

44.   Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

TROUTMAN PEPPER HAMILTON SANDERS LLP
600 PEACHTREE STREET NE
SUITE 3000
ATLANTA, GA 30308-2231

COMPLAINT

45.     Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

47.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### COUNT THREE
### (Federal Passing Off)

48.     Plaintiff repeats and realleges paragraphs 1 through 47 hereof, as if fully set forth herein.

49.     Defendant's use of 1517 and 1517 MEDIA in connection with its infringing goods and services is essentially identical to Plaintiff's use of its 1517 Mark. Because the close nature of the mark and their uses, the marks are likely to engender the same connotation and commercial impression from customers in connection with the parties' respective goods and services.

50.     These facts rise to the likelihood of a mistaken belief that the parties' respective goods and services have the same source, origin, or affiliation, when, in fact, they do not. This likelihood of confusion is even greater because the parties sell their products through the same and similar online channels.

51.     The consuming public is likely to be confused and deceived, and to erroneously assume that Defendant's products and services are produced by Plaintiff or with Plaintiff's approval, that Defendant's products and services are part of Plaintiff's 1517 Mark family of offerings, or that Defendants are in some way

TROUTMAN PEPPER HAMILTON SANDERS LLP
600 PEACHTREE STREET NE
SUITE 3000
ATLANTA, GA 30308-2231

connected with, sponsored by, or otherwise affiliated with Plaintiff, causing irreparable damage to Plaintiff.

52.     Likewise, some consumers may be misled by Defendant's marketing and advertising efforts to believe that Plaintiff's own use of its 1517 Mark are an authorized or unauthorized use of Defendant's Infringing Mark.

53.     Defendants are not affiliated with, connected with, endorsed by, or sponsored by Plaintiff, nor has Plaintiff approved or authorized any of the goods or services offered or sold by Defendants under the Infringing Mark or any other 1517 Mark variant.

54.     Plaintiff has no control over the goods and services offered by Defendant. Any neglect or failure in Defendant's goods and services or the quality thereof will reflect adversely on Plaintiff and its 1517 Mark and limit Plaintiff's efforts to protect and build its reputation.

55.     Defendant's unauthorized use of the Infringing Mark in interstate commerce, or commerce substantially affecting interstate commerce, constitutes infringement of Plaintiff's 1517 mark and are likely to cause confusion, mistake, and to deceive the consuming public.

56.     Upon information and belief, Defendant has acted with the unlawful purposes of improperly taking advantage of the valuable goodwill belonging to Plaintiff and causing the goods of persons not authorized by, employed by, or associated in any way with Plaintiff to be falsely represented as if they were rendered, authorized by, sponsored by, endorsed by, or otherwise connected with Plaintiff and its 1517 Mark.

57.     Defendant's conduct, alleged in this Complaint, constitutes a violation of 15 U.S.C. § 1125(a).

58.     If Defendant is allowed to continue marketing and selling its goods and services under the Infringing Mark or any other variant of the 1517 Mark, Plaintiff will be damaged as alleged in this Complaint and the Defendant will profit and

TROUTMAN PEPPER HAMILTON SANDERS LLP
600 PEACHTREE STREET NE
SUITE 3000
ATLANTA, GA  30308-2231

COMPLAINT

continue to profit thereby. Unless the Court permanently enjoins Defendant's infringing conduct, Plaintiff's business, products, goodwill, and reputation will suffer irreparable injury of an insidious and continuing sort that cannot be adequately calculated and compensated in monetary damages.

59.    Defendant has acted willfully and with an intent to use and misuse the goodwill Plaintiff has developed in its 1517 Mark. The intentional nature of Defendant's acts makes this an exceptional case under 15 U.S.C. § 1117(a).

60.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT FOUR
### (Unfair Competition—Common Law and
### California Business & Professions Code §§ 17200 et seq.)

61.    Plaintiff repeats and realleges paragraphs 1 through 60 hereof, as if fully set forth herein.

62.    Defendant has engaged in unfair competition against Plaintiff for the reasons of the conduct alleged in this Complaint.

63.    The unlawful and unfair conduct is injuring the goodwill of Plaintiff and its 1517 Mark.

64.    Defendant is liable for unfair competition.

65.    By and through this conduct, Plaintiff has directly suffered injuries, and Defendant has been unjustly enriched.

66.    Plaintiff is entitled to restitution, the recovery of damages, and the recovery of the profits earned by Defendant by virtue of its conduct.

67.    As a result of Defendant's unfair competition, Plaintiff is suffering irreparable injury, and Defendant's conduct should therefore be enjoined.

TROUTMAN PEPPER HAMILTON SANDERS LLP
600 PEACHTREE STREET NE
SUITE 3000
ATLANTA, GA 30308-2231

COMPLAINT

68.     Plaintiff is entitled to reasonable attorneys' fees from Defendant.

69.     On information and belief, the aforementioned conduct of Defendant is willful, and plaintiff is therefore entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1.     That Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2.     That Defendant has unfairly competed with Plaintiff in violation of the California Business & Professions Code §§ 17200 et seq.

3.     That Defendant has unfairly competed with Plaintiff in violation of California common law.

4.     Granting an injunction permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a.     manufacturing, distributing, providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, provide, sell, market, advertise, or promote any goods or services bearing the mark 1517 MEDIA or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's 1517 Mark;

b.     engaging in any activity that infringes Plaintiff's rights in its 1517 Mark;

c.     engaging in any activity constituting unfair competition with Plaintiff;

d.     making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods and

TROUTMAN PEPPER HAMILTON SANDERS LLP
600 PEACHTREE STREET NE
SUITE 3000
ATLANTA, GA  30308-2231

COMPLAINT

services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendant;

e.      using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods or services with Plaintiff or tend to do so;

f.      registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark 1517 MEDIA or any other mark that infringes or is likely to be confused with Plaintiff's 1517 Mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

g.      aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

5.      Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's goods and services.

6.      Directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all packaging, labels, catalogs, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the

TROUTMAN PEPPER HAMILTON SANDERS LLP
600 PEACHTREE STREET NE
SUITE3000
ATLANTA, GA  30308-2231

COMPLAINT

mark 1517 MEDIA or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's 1517 Mark, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, or offering for sale of any and all goods, services, packaging, labels, catalogs, containers, advertisements, signs, displays, and other materials featuring or bearing the mark 1517 MEDIA or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's 1517 Mark, and to immediately remove them from public access and view.

7.     Directing that Defendant recall and deliver up for destruction all goods, packaging, containers, advertisements, promotions, signs, displays, and related materials incorporating or bearing the mark 1517 MEDIA or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's 1517 Mark.

8.     Directing Defendant to formally abandon with prejudice any and all of its applications to register the mark 1517 MEDIA or any mark consisting of, incorporating, or containing Plaintiff's 1517 Mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

9.     Directing Defendant to cancel with prejudice any and all of its registrations for the mark 1517 MEDIA or any mark consisting of, incorporating, or containing Plaintiff's 1517 Mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

10.     Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such

COMPLAINT

extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

11.     Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

12.     Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

Awarding an amount to be determined at trial but at least an amount equal to the cost of prospective corrective advertising.

13.     Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

14.     Awarding judgment against Defendant for the full costs of this action, including the attorney's fees reasonably incurred by Plaintiff.

15.     Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

16.     Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

17.     Awarding such other and further relief as the Court deems just and proper.

18.     That the Court retain jurisdiction of this action for purposes of enabling Plaintiff, in its discretion, to apply to this Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement of compliance with any such Order, and the punishment of any violation of such Order.

## DEMAND FOR JURY TRIAL

TROUTMAN PEPPER HAMILTON SANDERS LLP
600 PEACHTREE STREET NE
SUITE 3000
ATLANTA, GA 30308-2231

COMPLAINT

Plaintiff hereby requests a trial by jury on all triable issues raised by the

Complaint.

Dated: January 19, 2024                                Respectfully submitted,

Austin Padgett, Esq.

TROUTMAN PEPPER HAMILTON

SANDERS LLP

*Attorneys for Plaintiff*

600 Peachtree St. NE, Suite 3000

Atlanta, Georgia 30308

Telephone: 404.885.3155

Email: Austin.Padgett@troutman.com

COMPLAINT

1

**EXHIBIT 1**

2

**Registration Certificates for 1517 Mark**

3

4

5

6

# United States of America

### United States Patent and Trademark Office

# 1517.

Reg. No. 5,016,393

**THEODORE WILLIAM ROSENBLADT (UNITED STATES INDIVIDUAL)**
34381 CALLE PORTOLA

**Registered Aug. 09, 2016** CAPO BEACH, CA 92624

**Int. Cl.: 35**

**CLASS 35:** Retail store services in the field of gifts and merchandise, namely, novelty items, souvenirs, mugs, key chains, novelty magnets, jewelry, pins, pens, t-shirts, caps, hats, sweatshirts, tank tops, neck ties, luggage tags, cell phone case covers, postcards, tote bags, candy, mints, chewing gum, greeting cards, stationery, nativity scenes, books, publications, CD's and DVD's, watches, greeting cards and bags

**Service Mark**

**Principal Register**

**FIRST USE 5-1-2011; IN COMMERCE 8-1-2013**

The color(s) black and red is/are claimed as a feature of the mark.

The mark consists of the number "1517" in black followed by a red period.

SER. NO. 86-806,008, FILED 11-01-2015

**DAVID JONATHAN ELTON, EXAMINING ATTORNEY**



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office

COMPLAINT

TROUTMAN PEPPER HAMILTON SANDERS LLP
600 PEACHTREE STREET NE
SUITE 3000
ATLANTA, GA 30308-2231

TROUTMAN PEPPER HAMILTON SANDERS LLP
600 PEACHTREE STREET NE
SUITE 3000
ATLANTA, GA 30308-2231

# United States of America

## United States Patent and Trademark Office

# 1517

**Reg. No. 5,198,790**

**Registered May 09, 2017**

**Int. Cl.: 35**

**Service Mark**

**Principal Register**

NEW REFORMATION PUBLICATIONS (CALIFORNIA non-profit corporation )
34381 CALLE PORTOLA
CAPO BEACH, CA 92624

CLASS 35: Retail store services in the field of gifts and merchandise, namely, novelty items, souvenirs, mugs, key chains, novelty magnets, jewelry, pins, pens, t-shirts, caps, hats, sweatshirts, tank tops, neck ties, luggage tags, cell phone case covers, postcards, tote bags, candy, mints, chewing gum, greeting cards, stationery, nativity scenes, books, publications, CD's and DVD's, watches, greeting cards and bags

FIRST USE 5-1-2011; IN COMMERCE 8-1-2013

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 87-159,028, FILED 09-01-2016
DAVID JAMES GEARHART, EXAMINING ATTORNEY





Director of the United States
Patent and Trademark Office

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROUTMAN PEPPER HAMILTON SANDERS LLP
600 PEACHTREE STREET NE
SUITE 3000
ATLANTA, GA  30308-2231

# United States of America

## United States Patent and Trademark Office

# 1517

**Reg. No. 5,299,903**

**Registered Oct. 03, 2017**

**Int. Cl.: 9, 16, 38, 41, 45**

**Service Mark**

**Trademark**

**Principal Register**

NEW REFORMATION PUBLICATIONS (CALIFORNIA non-profit corporation )
244 Avenida Victoria
San Clemente, CALIFORNIA 92672

CLASS 9: Pre-recorded CDs featuring music; Pre-recorded DVDs in the field of religious topics; downloadable electronic publications in the nature of books in the fields of worship materials, religious topics, and music; and downloadable videos featuring religious topics via a video-on-demand service

FIRST USE 5-1-2011; IN COMMERCE 8-1-2013

CLASS 16: Printed religious publications, namely, books featuring religious topics

FIRST USE 5-1-2011; IN COMMERCE 8-1-2013

CLASS 38: Streaming of audio and visual material via a global computer network; video-on-demand transmissions

FIRST USE 5-1-2011; IN COMMERCE 8-1-2013

CLASS 41: Providing online publications in the nature of newsletters in the field of faith, spirituality and religious topics; providing non-downloadable videos featuring religious topics via a video-on-demand service

FIRST USE 5-1-2011; IN COMMERCE 8-1-2013

CLASS 45: Providing information in the fields of religious topics, faith and spirituality

FIRST USE 5-1-2011; IN COMMERCE 8-1-2013

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF U.S. REG. NO. 5016393

SER. NO. 87-332,948, FILED 02-12-2017



*Joseph Matal*

Performing the Functions and Duties of the
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

- 21 -

COMPLAINT

TROUTMAN PEPPER HAMILTON SANDERS LLP
600 PEACHTREE STREET NE
SUITE5000
ATLANTA, GA  30308-2231

**EXHIBIT 2**

**Samples of Plaintiff's Use of its Mark**



COMPLAINT

*https://www.1517.org/about*



*https://www.facebook.com/1517org*



TROUTMAN PEPPER HAMILTON SANDERS LLP
600 PEACHTREE STREET NE
SUITE 3000
ATLANTA, GA 30308-2231

COMPLAINT



COMPLAINT



COMPLAINT

COMPLAINT

1    *https://www.1517.org/podcasts*

